## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRYSTON N. O/B/O E.L.N,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CV-1001-JAR** |
| **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of the final decision of Defendant Commissioner of Social Security denying an application for supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff, on behalf of her minor daughter, E.L.N. ("Claimant") asserts that the Administrate Law Judge ("ALJ") erred in finding that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the listed impairments.  Because the Court concludes that the Commissioner's findings are supported by substantial evidence, the Court affirms the Commissioner's decision.

### I.      Procedural History

On February 17, 2021, an application for supplemental security income was protectively filed on behalf of Claimant, an individual under the age of 18.  Claimant alleged a disability onset date of February 17, 2021.  Claimant's applications were denied initially and upon reconsideration.  She then asked for a hearing before an ALJ.

After a telephonic hearing on April 6, 2022, the ALJ issued a written decision on July 19, 2022, finding that Claimant was not disabled.  Given the unfavorable result, Claimant requested reconsideration of the ALJ's decision from the Appeals Council.  Claimant's request for review

was denied on October 31, 2022.  Accordingly, the ALJ's July 2022 decision became the final decision of the Commissioner.

Plaintiff filed a Complaint in the United States District Court for the District of Kansas. She seeks reversal of the ALJ's decision and either remand for a new administrative hearing or remand for an immediate award of Claimant's requested social security benefits.  Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.    Standard for Judicial Review

Judicial review under 42 U.S.C. § 405(g) is limited to whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards.[1]  The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2]  In the course of its review, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner.[3]

## III.    Legal Standards and Analytical Framework

There is a three-step sequential evaluation process when determining whether an adolescent is disabled.[4]  The first step requires the Commissioner to determine if the child is engaging in substantial gainful activity.[5]  In the next step, the Commissioner considers whether

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

[4] *Jasmine T. v. Saul*, No. 19-1088-JWL, 2020 WL 1082582, at *2 (D. Kan. Mar. 6, 2020) (citing 20 C.F.R. § 416.924(a)); *see also Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1238 (10th Cir. 2001).

[5] 20 C.F.R. § 416.924(a).

the child has a medically determinable impairment or combination of impairments that is severe.[6]

And at the third step, the Commissioner determines whether the child's impairment meets,

medically equals, or functionally equals a listed impairment.[7]  If it is determined at any step of

the evaluation process that the claimant is or is not disabled, further evaluation under a

subsequent step is unnecessary.[8]

      In this case, the ALJ first noted that Claimant was an adolescent.  At step one, she

determined that Claimant had not engaged in substantial gainful activity since the alleged

disability onset date.  She determined at step two that Claimant had the following severe

impairments: scoliosis, Scheuermann's kyphosis, attention deficit hyperactivity disorder

(ADHD), bipolar disorder, and depressive disorder.  At step three, the ALJ found that Claimant's

impairments did not meet or equal the severity of one of the listed impairments in 20

C.F.R. §§ 416.924, 416.925, and 416.926.  Continuing, she determined that Claimant did not

have an impairment or combination of impairments that functionally equaled the severity of the

listings in 20 C.F.R. §§ 416.924(d) and 416.926(a).   Specifically, the ALJ found that Claimant

had less than a marked limitation in acquiring and using information; less than a marked

limitation in attending and completing tasks; less than a marked limitation in interacting and

relating with others; less than a marked limitation in moving about and manipulating objects; a

marked limitation in the ability to care for herself; and less than a marked limitation in health and

physical well-being.  Thus, the ALJ concluded that Claimant had not been under a disability

from February 17, 2021, through the date of her decision.

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

**IV.     Discussion**

Plaintiff asserts that the Commissioner erred when determining that Claimant did not have an impairment or combination of impairments that functionally equaled the severity of the listed impairments.  Plaintiff does not address Claimant's mental impairments but instead focuses on the ALJ's findings on the physical effects of Claimant's scoliosis and Scheuermann's kyphosis.  Thus, the Court will only consider whether the ALJ erred in determining that Claimant's physical impairments did not functionally equal severe impairments.

When determining functional equivalence for adolescents, the Commissioner must consider six domains which are "broad areas of functioning intended to capture all of what a child can or cannot do."[9]  These six domains include "[1] [a]cquiring and using information; [2] [a]ttending and completing tasks; [3] [i]nteracting and relating with others; [4] [m]oving about and manipulating objects; [5] [c]aring for yourself; and, [6] [h]ealth and physical well-being."[10]  An individual's impairments will functionally equal the listings if the individual has two "marked" limitations in the six domains.[11]  A "marked" limitation is when an "impairment(s) interferes seriously with [an individual's] ability to independently initiate, sustain, or complete activities."[12]  It also "means a limitation that is 'more than moderate' but 'less than extreme.'"[13]

In this case, the ALJ determined that Claimant had a marked limitation in one domain— the ability to care for herself.  Had the ALJ found that Claimant had one other marked limitation in any of the other five domains, Claimant would have been found disabled.  Plaintiff contends

---

[9] 20 C.F.R. § 416.926a(b)(1)(i)–(vi).

[10] *Id.*

[11] *Id.* at § 416.926a(d).

[12] *Id.* at § 416.926a(e)(2)(i).

[13] *Id.*

that the ALJ erred in not finding marked limitations in the domains of "moving about and manipulating objects" and "health and physical well-being."

In the domain of moving about and manipulating objects, the ALJ considers how an individual moves her body "from one place to another" and how she moves and manipulates things.[14]  Activities that are covered under this domain include rising or pulling from a sitting to a standing position; shifting weight while sitting or standing; moving forward and backward when crawling, walking or running; and engaging the body to push, pull, lift, or carry objects.[15] Adolescents between the ages of 12 and 18 "should be able to use [their] motor skills freely and easily to get about . . . school, the neighborhood, and the community."[16]

And in the domain of health and physical well-being, the ALJ considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on [an individual's] functioning" that were not considered in the domain of moving about and manipulating objects.[17]  "A physical or mental disorder may have physical effects that vary in kind and intensity, and may make it difficult for [an individual] to perform . . . activities independently or effectively."[18]

Plaintiff contends that Claimant has at least a "marked" limitation in both domains. Plaintiff, however, primarily argues this point by setting forth all the evidence that she believes supports her conclusion and simply provides her own interpretation of the evidence.  The Court cannot re-weigh the evidence and substitute its judgment for the ALJ.[19]  Instead, the Court must

---

[14] *Id.* at § 416.926a(j).

[15] *Id.* at § 416.926a(j)(1)–(2).

[16] *Id.* at § 416.926a(j)(2)(v).

[17] *Id.* at § 416.926a(l).

[18] *Id.* at § 416.926a(l)(1).

[19] *Hendron v. Colvin*, 767 F.3d 951, 956 (10th Cir. 2014).

consider whether substantial evidence supports the ALJ's determination that Claimant had less than a marked limitation in the domains of moving about and manipulating objects and health and physical well-being.  When Plaintiff addresses whether substantial evidence supports the ALJ's finding that Claimant had less than a marked limitation in these two domains, she does not separately discuss the two domains but instead combines her discussion as to both domains. Thus, the Court will also consider the two domains together as well.

Plaintiff first asserts that the first and most important error that the ALJ made was in mischaracterizing the evidence regarding Claimant's reports of pain.  She claims that the ALJ summarily dismissed Claimant's mother's testimony that Claimant was in near constant pain. The Court finds otherwise.  The ALJ noted that Claimant's mother's testimony was that Claimant had marked limitations in caring for herself and in moving about and manipulating objects.  The ALJ then stated that, after a review of the medical evidence, she concurred with the mother's testimony that Claimant had marked limitations in caring for herself.  However, the ALJ determined that Claimant was not markedly limited in the domain of moving about and manipulating objects.

When discussing the evidence, the ALJ noted that Claimant did not have nerve root impingement and had strength and lower extremity function within normal limits.  The ALJ found Claimant's recent physical therapy records showed that Claimant had a full range of flexion in the lumbar spine and partial extension with pain.  And although the ALJ noted that Claimant had some deficits, her more recent physical therapy records showed that Claimant did not have increased pain and had been doing her exercise program more often.  After discussing the medical evidence, the ALJ determined that it did not support Claimant's position that she had marked limitations in the domains of moving about and manipulating objects and health/physical

well-being.  Thus, the ALJ relied on substantial evidence in the record to support her findings and did not summarily dismiss Plaintiff's mother's testimony.

Plaintiff also asserts that the ALJ mischaracterized the educational records to discredit Claimant's mother's testimony that they switched to homeschooling because the school would not provide Claimant a chair for her back pain.  Yet, Plaintiff provides no evidence that Claimant's mother asked the school for such an accommodation.  And the educational records demonstrate that Claimant was on a 504 educational plan that included physical accommodations, such as a physical therapy packet during PE and a TENS unit that allowed Claimant's mother to come to school and administer it to Claimant when she had pain.  In addition, Claimant's mother was to keep the school updated on physical limitations and improvements as necessary.  This 504 educational plan was made approximately four months before Claimant stopped attending public school.  Thus, the Court fails to see that the ALJ discredited Claimant's mother's testimony and sees no error in the ALJ's finding.

In addition, Plaintiff contends that the ALJ improperly dismissed the opinion of Claimant's treating provider, APRN Howard, by cherry picking the longitudinal record as to Claimant's reports of pain.  The Court disagrees.  The ALJ took issue with Howard's opinion because she found it internally inconsistent.  On the one hand, Howard opined that Claimant had no physical limitations and no restrictions, but on the other hand, Howard opined that Claimant would have absences due to pain more than four days per month.[20]  The ALJ noted that other evidence of record showed some physical impact and limitations but again the recent physical therapy records did not demonstrate increased pain.  Thus, the ALJ did not adopt Howard's

---

[20] The Court notes that Howard checked a box stating that Claimant may miss more than four days per month but stated that it "depend[ed] on pain level for her back."  On the same page, however, Howard stated that "Patient has No Restrictions at this time."  Doc. 7, Tr. at 645.

opinion that Claimant had no functional limitations, but she also did not adopt Howard's opinion as to the extent of Claimant's pain. Furthermore, Plaintiff complains that the ALJ only cited one instance of Claimant's pain being 3/10 and thus cherry picked the record because other instances showed that Claimant's pain was 8/10 and 9/10.[21] Yet, Plaintiff ignores the other evidence that demonstrated that Claimant also had pain ratings of 2/10 and 3/10.[22] The ALJ simply cited to one record, and there was other evidence in the longitudinal record to support the ALJ's conclusion regarding Claimant's pain level and finding that Howard's opinion was not persuasive.

Finally, Plaintiff challenges the ALJ's reliance on the medical opinion evidence. She complains about the ALJ finding that Dr. Amanquah's opinion was partially persuasive. Yet Plaintiff does not really take issue with Dr. Amanquah's opinion. Instead, Plaintiff takes issue with the ALJ's statement that Claimant was able to participate in school and her grades have improved. Plaintiff claims this statement is directly contradicted by the record because Claimant was unable to attend school due to her back impairment. The ALJ's statement regarding Claimant's participation in school appears to be based on the time when Claimant was attending school. And even if it is true that Claimant was unable to attend school due to her back pain, Plaintiff's arguments do not set forth any issue with Dr. Amanquah's medical opinion. Thus, there is no error in the ALJ finding that Dr. Amanquah's opinion was partially persuasive.

Plaintiff also states that the ALJ misconstrued the medical evidence when she stated that Claimant's back brace seemed to be helping Claimant because imaging showed a decrease in the curvature of her spine. Plaintiff contends that the back brace was only prescribed for pain relief

---

[21] Doc. 7, Tr. at 751, 792. Plaintiff also references other instances of 5/10 and 6/10, but the Court concludes that these are middle of the range pain levels.

[22] *Id.* at 475, 647.

and not to reduce the curvature of Claimant's spine.  Although the medical evidence does state that the brace is prescribed for comfort because Claimant was most likely done growing, the ALJ also recognized this fact by stating in her opinion that the back brace was to be used for comfort. Thus, Plaintiff fails to demonstrate that the ALJ misunderstood or misconstrued the evidence.

Finally, Plaintiff's argument that the ALJ did not adequately explain why she found the state agency consultants' opinions persuasive is meritless.  The ALJ states that their findings are consistent with the evidence, well supported in terms of explanation, and consistent with other opinions in the record.  The ALJ had already thoroughly set forth the evidence in the opinion, and it was unnecessary for her to set it forth again.  Accordingly, substantial evidence supports the ALJ's reasoning for finding the state agency consultant's opinions persuasive.

In sum, substantial evidence supports the ALJ's finding that Claimant did not have more than a marked limitation in the domains of moving about and manipulating objects and health and physical well-being.

## V.       Conclusion

The ALJ's conclusion is supported by substantial evidence.  Plaintiff has not shown that the ALJ's decision is inconsistent with the Social Security Act, regulations, and applicable case law.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's decision denying Claimant disability benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated: September 27, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE